WENTWORTH, Judge.
Claimant seeks review of a workers’ compensation order by which a claim for temporary disability and medical benefits was denied. We find that the deputy commissioner erred in determining that maximum medical improvement was established by a prior order, and in disregarding the medical evidence and denying claimant’s request for further treatment.
Claimant sustained an industrial injury and made a claim for temporary total disability benefits through January 4, 1983. A hearing was held and a June 1983 order awarded the claimed benefits, referencing a physician’s opinion that claimant had reached maximum medical improvement as of January 4. Claimant continued to obtain medical care, and in 1985 sought further temporary disability benefits and medical treatment.
At the hearing on the 1985 claim claimant testified that he continues to experience severely disabling pain. A treating neurologist indicated that claimant had sustained a back injury which produced minimal neurogenic changes, but that claimant has a post-traumatic depression personality with chronic pain. A neurosurgeon to whom claimant was referred determined *1207 that claimant’s industrial injury had resulted in lumbar disc degeneration. This doctor suggested that there is a significant emotional component to claimant’s disability, and that he experiences a chronic pain syndrome. Both physicians recommended that claimant participate in a brief pain clinic program by which he might learn to better manage his chronic pain.
Despite the uncontroverted medical testimony, the deputy denied the claim for treatment at a pain clinic. The deputy based this denial largely upon his personal observation of claimant at the hearing. While this is a factor which the deputy may properly consider, in the present case the deputy’s view of claimant was extremely limited in duration and all the medical testimony directly established the need for treatment at a pain clinic. In the context of this case the issue is one largely within the peculiar knowledge of the medical experts, and the deputy erred by rejecting the expert opinions and denying the claimed treatment at a pain clinic. See generally Allman v. Meredith Corp., 451 So.2d 957 (Fla. 1st DCA 1984).
The deputy also found that maximum medical improvement had previously been established by the June 1983 order. However, that order was entered upon a claim which did not seek benefits beyond the indicated date of maximum medical improvement, and thus did not properly place the issue in controversy. The gratuitous reference in the 1983 order to a maximum medical improvement date is therefore without res judicata effect. It does not compel rejection of the present claim, and the record does not otherwise support the deputy’s action.
The order appealed is reversed and the cause remanded.
MILLS and BARFIELD, JJ., concur.